C. WILLS *et al., Appellants,* v. J. S. ANDREWS, *Appellee.*

Opinion filed May 31, 1916.

Where two parties enter into an agreem to become equally in-terested in the erection of a ho pon land and in the sale of the property for profit, party to furnish the land and to furnish money for the struction of the build-ing on the land, the other party to furnish plans and speci-fications for and to supervise the erection of the building, both parties to endeavor to sell the property at a price to be agreed on and to "divide equally the net profits made from the sale of said property," and the agreement does not contemplate a laborer's lien to secure payment to the party who furnishes the plans and specifications, a demurrer to a bill of complaint brought by the party furnishing the plans and specifications to enforce a laborer's lien for the same, should be sustained, the remedy at law being adequate.

Appeal from Circuit Court, Hillsborough County; F. M. Robles, Judge.

Decree reversed.

*J. T. Watson, Jr.,* for Appellants;

*Mabry & Carlton,* for Appellee.

Per Curiam.—Andrews filed a bill in equity to require an accounting and to subject real estate of the appellant C. Wills to the payment of an amount found to be due under the following agreement:

*"This Agreement,* Made and entered into this the 18th day of April, A. D. 1914, by and between J. S. Andrews, of Hillsborough County, Florida, party of the first part, and C. Wills, of same county and State, party of the second part.

*Witnesseth*: That whereas, the parties hereto are interested in the building, construction and erection of a house on Lot Ten (10) of Block Three (3) of Seminole Heights Subdivision, and have agreed to become equally interested in the construction, erection and sale of said house and property upon the terms and conditions hereinafter mentioned.

*Now, Therefore, Witnessclh*: That in consideration of the premises and of the mutual covenants and agreements, each of the other, the said parties hereto hereby covenant and agree as follows:

First: Said second party covenants and agrees to furnish Lot Ten (10) of Block Three (3) of Seminole Heights Subdivision at a cost of Five Hundred and Fifty ($550.00) Dollars, the same having been heretofore purchased by him at said price; also to negotiate a loan of Fifteen Hundred ($1500.00) Dollars to be used in defraying the expense of building, constructing and erecting a house thereon; also to furnish the balance of said

money needed to build, construct and erect said house on said property.

Second: The said first party hereby covenants and agrees to furnish plans and specifications for said house on said property; to supervise the work of erecting said house and to use his best efforts to build and construct said house as reasonable as possible, consistent with good work and materials.

Third: Both of said parties hereby covenant and agree to use their best efforts to sell said property to the best advantage, at a price to be mutually agreed upon by the parties hereto, it being expressly understood and agreed that no commission shall be paid to either of the parties hereto, if they, or either of them, sell said property. If said property is sold by a third party, they agree to pay a commission of five per cent. on the sale of the same.

Fourth: It is hereby agreed, that all interest paid or accrued on the loan of Fifteen Hundred ($1500.00) Dollars shall be allowed as an expense of said property, and it is further agreed that no interest shall be paid or allowed on the money furnished by the said second party, or on the money paid on said lot.

Fifth: It is hereby further mutually covenanted and agreed that the parties hereto shall divide equally the net profits made from the sale of said property.

Sixth: It is hereby expressly understood and agreed that the parties hereto are partners in the erection of the house on said lot herein described, and that said partnership is limited to said property and each agrees, to the best of his ability, to protect the interest of the other in this undertaking.

Seventh: It is hereby expressly understood and agreed that the covenants and agreements herein con-

tained shall extend to and be binding upon the heirs, executors, administrators and assigns of the respective parties hereto.

*In Witness Whereof,* both parties to these presents have hereunto set their hands and seals the day and year first above written.

| Witnesses: | J. S. ANDREWS (Seal) |
|---|---|
| ILA BLAKE | C. WILLS (Seal)." |

A demurrer to the bill of complaint was overruled on final hearing, and the court decreed a laborer's lien on the property for the amount found to be due under the contract. The defendants appealed.

There was no sale of the property as provided for in the agreement so that the parties may "divide equally the net profits made from the sale of said property." Defenses were presented that the complainant did not carry out his part of the contract; while the complainant asserted that he performed his part of the contract and that the defendant prevented the sale of the property as agreed. Manifestly the contract did not in law or in fact contemplate a laborer's lien for its enforcement.

Assuming that the defendant violated his agreement, the remedy against him by an action at law is apparently adequate. Even if the property is claimed as a homestead, it is by the terms of the constitution not "exempt from sale * * * for the payment of obligations contracted * * * for the erection or repair of improvements on the real estate exempted, or for * * * labor performed on the same." Sec. 1 Article X.

The demurrer to the bill of complaint should have been sustained.

The decree is reversed.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL, WHIT-
FIELD and ELLIS, JJ., concur.